

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

Grover Sellers
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

Honorable Coke R. Stevenson
Governor of Texas
Austin, Texas

Dear Sir:                    Opinion No. O-6626

Re: Whether certificate from the
Comptroller of Public Accounts
is necessary to give effect to
the appropriation made by
House Bill No. 56 of the Forty-
ninth Legislature.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"House Bill No. 56, commonly known as the Road
Bond Service Act, has been passed by the Legislature,
signed by me, and filed with the Secretary of State.
A copy of the bill is hereto attached.

"The act appropriates all of the moneys coming
into the County and Road District Highway Fund for the
purpose of paying the State's portion of the County and
Road District Bonds which are eligible under the present
law. Section 49a of Article III of the Constitution,
among other things, provides:

"'From and after January 1, 1945, no bill con-
taining an appropriation shall be considered as
passed or be sent to the Governor for Consideration
until and unless the Comptroller of Public Accounts
endorses his certificate thereon showing that the
amount appropriated is within the amount estimated to be
avilable in the affected funds.'

"This provision was not complied with in respect
to House Bill No. 56. The bill was presented to House
Bill No. 56. The bill was presented to me without any
certificate from the Comptroller and was signed and filed
by me with the Secretary of State without any such
certificate. The question submitted for your determina-
tion is whether or not such certificate was necessary.

"When all of the provisions of Section 49a are considered together, it appears to be a measure of control over the action of the Legislature in making appropriations in excess of anticipated revenues in the respective funds. The Comptroller is the book-keeper for the State and when appropriations are made in a stated amount in dollars and cents from time to time by the Legislature, it is quite evident that each bill appropriating money should bear the certificate referred to. Such procedure is necessary in order to comply with the following provisions from said Article 49a:

"'From and after January 1, 1945, save in the case of emergency and imperative public necessity and with a four-fifths vote of the total membership of each House, no appropriation in excess of the cash and anticipated revenue of the funds from which such appropriation is to be made shall be valid.'

"You will note from the text of House Bill No. 56 that no stated amount is mentioned in the bill and therefore the appropriation could not be in excess of the cash anticipated revenues of the funds from which such appropriation is to be made. The bill only appropriates the moneys to be deposited in the affected fund for a given period. The fund is created by existing law and the allocation of revenues directed to be placed in said fund has already been made by existing laws. House Bill no. 56 only makes the appropriation of the fund to the purpose for which it was created and only in the amount which may be deposited in the fund. The matter is one of great importance, however, to the Counties and Road Districts of this State and your opinion therefore respectfully requested as to whether the certificate from the Comptroller, as above referred to, is necessary to give effect to the appropriation made by House Bill No. 56."

Said House Bill 56 reads in part as follows:

"H. B. No. 56,
A BILL
To Be Entitled

"An Act amending subsection (j) and (a) of Section 7 of Chapter 13, Acts of the Third Called Session of the Forty-second Legislature, as amended by Section 6 of S. B. No. 89, Chapter 324, Acts of the Regular Session of the Forty-eighth Legislature' making an appropriation for the biennium beginning September 1, 1945, and ending August 31, 1947, of moneys coming

into the County and Road District Highway Fund;
establishing a sequence for appropriations from
said Fund for each year thereafter; . . .

"Be it Enacted by the Legislature of the State of
    Texas:

"Section 1.  That subsection (j) of Section 7
of Chapter 13, Acts of the Third called session of
the Forty-second Legislature, as amended by Section
6 of S. B. No. 89, Chapter 324, Acts of the Regular
Session of the Forty-eight Legislature, be, and the
same is hereby amended so as to hereafter read as
follows:

"'(j) All moneys to be deposited to the credit
of the County and Road District Highway Fund, from
September 1, 1945, to August 31, 1947, both inclusive,
are hereby appropriated to said respective counties
and defined road districts and shall be received,
held, used and applied by the State Treasurer, as
ex-officio Treasurer of said respective counties and
defined road districts, for the purposes and uses
more specifically set forth in this Act, including
the payment of principal, interest and sinking fund
requirements on all eligible obligations maturing
up to and including August 31, 1947.  And each
year thereafter until all of such eligible obligations
are fully paid, all moneys coming into the credit of
the County and Road District Highway Fund with the
State Treasurer, and all moneys remaining therein
from any previous year shall be received and held by
him as ex-officio Treasurer of such counties and
defined road districts, and shall first be subject to
the appropriation for the payment of interest,
principal and sinking funds maturing from time to
time on said eligible obligations, and them for the
other uses specified and permitted in this Act. . . .

"Sec. 3.  The fact that it is necessary to
make the above biennial appropriation to keep the
Road Bond Assumption Act in full force and effect
and the further fact that it is highly desirable for
the effective functioning of said Act to make said
appropriation at the earliest practicable date create
an emergency and an imperative public necessity that
the     constitutional rule requiring bills to be
read on three several days in both Houses be suspended,
and such rule is hereby suspended, and this Act shall
take effect and be in force from and after its passage,
and it is so enacted."

The statement in your letter as follows:

"You will note from the text of House Bill No. 56 that no stated amount is mentioned in the bill and therefore the appropriation could not be in excess of the cash and anticipated revenues of the funds from which such appropriation is to be made. The bill only appropriates the moneys to be deposited in the affected fund for a given period. The fund is created by existing law and the allocation of revenues directed to be placed in said fund has already been made by existing laws. House Bill No. 56 only makes the appropriation of the fund to the purpose for which it was created and only in the amount which may be deposited in the fund."

we think is an accurate and reasonable construction of H.B. 56 and we agree with same.

It is, therefore, our opinion that H. B. 56 did not require the certificate inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

By

Wm. J. Fanning
Assistant

WJF:bt-cg

APPROVED MAY 31, 1945

s/ Carlos C. Ashley

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: Opinion Committee
BWB, Chairman